

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTIN CONSTRUCTION, INC.,

           Plaintiff - Appellant,

  v.

ROSCOE STEEL & CULVERT CO.,

           Defendant-third-party-
plaintiff - Appellee,

  v.

LANE ENTERPRISES, INC.,

           Third-party-defendant -
Appellee.

No. 12-35177

D.C. No. 1:10-cv-00072-RFC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Argued and Submitted October 8, 2013
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Martin Construction, Inc. ("Martin") appeals the district court's grant of summary judgment in favor of defendant Roscoe Steel and Culvert Company ("Roscoe"). We review de novo the district court's decision on the interpretation of the contract. *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 367 (9th Cir. 1985). We may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

This dispute arises out of Roscoe's delayed performance of a contract to deliver steel pipe. The contract obligated Roscoe to supply steel pipe to Martin, a state government contractor building culverts for a Montana highway. Martin claims that Roscoe did not initially ship enough nuts and bolts to assemble the pipe, delaying Martin's completion of the culvert. Martin alleges that the delay caused monetary damages for which Roscoe should be held liable.

Paragraph Four of the parties' contract precludes Martin from recovering consequential damages for delayed delivery. Martin seeks to recover (1) liquidated damages assessed against Martin by the Montana Department of Transportation ("MDOT"), (2) time and expenses incurred negotiating with MDOT, (3) payments to compensate Martin's subcontractors for the delay, and (4) "productivity costs" from continuing to dedicate personnel and equipment during the delay. Contrary to Martin's arguments, all of these claimed damages are consequential damages

2

under Montana law. *See* Mont. Code Ann. § 30-2-715(2) (following the Uniform Commercial Code). Therefore, they are barred by Paragraph Four of the contract.

The liquidated damages and negotiation expenses are consequential damages because they were "incurred by the nonbreaching party in its dealings . . . with third parties." 67A Am. Jur. 2d *Sales* § 1153; *see Cannon Builders, Inc. v. Rice*, 888 P.2d 790, 793–94 (Idaho Ct. App. 1995); *State ex rel. Concrete Sales & Equip. Rental Co. v. Kent Nowlin Constr., Inc.*, 746 P.2d 645, 649–50 (N.M. 1987). Martin's payments to its subcontractors also arose out of its dealings with third parties and so are traditional consequential damages. *See* 67A Am. Jur. 2d *Sales* § 1176; *see also Wright Schuchart, Inc. v. Cooper Indus., Inc.*, 40 F.3d 1247, 1994 WL 621889, at *2 (9th Cir. Nov. 8, 1994) (stating that "additional subcontractor costs" are consequential damages); *Frontline Processing Corp. v. Am. Econ. Ins. Co.*, 149 P.3d 906, 911 (Mont. 2006) (describing fees paid to third parties to investigate employee fraud as consequential damages).

Martin's "productivity costs" were caused by its out-of-sequence work, extended overhead, and additional equipment costs. These, too, are classic consequential damages. *See Wright Schuchart*, 1994 WL 621889, at *2; 67A Am. Jur. 2d *Sales* §§ 1177, 1190; *accord United States ex rel. Fed. Corp. v. Commercial Mech. Contractors*, 707 F.2d 1124, 1125–26, 1129 (10th Cir. 1982).

3

Because we affirm on this ground, we do not reach the grounds relied on by the district court.

**AFFIRMED.**